

FILED

APR 1 2 2007

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY_____
         DEPUTY CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT A. WOODS and LORI A. WOODS, husband and wife as individuals,<br><br>            Plaintiff,<br><br>vs.<br><br>PROTECTION ONE ALARM MONITORING, INC., a Delaware Corporation admitted to do business in California, Does 1 to 100, and ASSET RESOURCES,<br><br>            Defendants.<br>_____/ | 1:06-CV-00398-SMS<br><br>MEMORANDUM AND ORDER DENYING MOTION TO FILE SECOND AMENDED COMPLAINT |

The above-captioned case was removed to this court from the Superior Court for the State of California, County of Merced, on April 6, 2006. The parties consented to the jurisdiction of the Honorable Sandra M. Snyder, United States Magistrate Judge, pursuant to 28 U.S.C. § 636(c)(1) and Local Rule 73-305.

Hearing on Robert A. Woods and Lori A. Woods (hereafter referred to as Plaintiffs) motion to file a second amended complaint came on for hearing on Friday, March 31, 2007, at 9:30 a.m. in the above-entitled court in Fresno, California, before

1

The Honorable Sandra M. Snyder, United States Magistrate Judge. Attorney P. Michael Pekin appeared telephonically for the Plaintiffs, and Attorney Alexander J. Harwin appeared telephonically for Defendant Protection One Alarm Monitoring, Inc.(hereafter referred to as Protection One).

The court has reviewed all the pleadings submitted in connection with the motion, the opposition, and the reply. After argument, the matter was submitted to the Court.

I.   Background

On February 12, 2007, Plaintiffs filed a notice of motion and motion to file a second amended complaint together with a memorandum of points and authorities, a declaration of P. Michael Pekin, with attached exhibits, and a separate statement of changes made to second amended complaint. Defendant Protection One filed its opposition on March 16, 2007. Plaintiffs filed a reply to the opposition on March 21, 2007. Finally, Protection One filed an objection to evidence and request to strike in connection with the instant motion.

This diversity case was removed to U. S. District Court on April 6, 2006 by Defendant Asset Resources. It was originally filed in state court on August 19, 2003 naming Defendant Protection One as the only defendant. Plaintiffs conducted no depositions and very little written discovery during the next two years. Defendants conducted depositions, one in Fargo, N.D., and two in Atlanta, GA. Plaintiffs did not appear personally at any of the depositions but did appear telephonically for the Atlanta, GA depositions.

On November 28, 2005, Protection One filed a motion for

1  summary judgment, and trial was set before the Merced County
2  Superior Court on March 14, 2006.  On December 20, 2005,
3  Plaintiffs filed a motion to request order to file a first
4  amended complaint.  In his declaration in support of the motion,
5  Attorney Pekin indicated that the proposed changes in the
6  complaint "do not change the theory of the lawsuit which remains
7  one founded in libel. ... all necessary discovery will have been
8  completed prior to trial; the amendments sought do not require
9  that discovery be extended nor a continuance of the trial be
10 granted."  Declaration of P. Michael Pekin in support of motion
11 to file first amended complaint, p.1:21-22, p.6:25 - 7:1-2,
12 attached as Exhibit 1 to Protection One's opposition to this
13 motion.  Plaintiffs were allowed to file a first amended
14 complaint by the Merced Superior Court in late 2005 or early
15 2006.[1]

16 The first amended complaint alleges libel, breach of contract
17 by the tort of libel, breach of contract for violation of the
18 California Consumer Credit Reporting Act, and violation of the
19 California Consumer Credit Reporting Agencies Act.  Asset
20 Resources, Inc., was added as a named defendant.

21 In December 1999, Plaintiffs and Protection One entered into
22 a two-year contract for Protection One to install and maintain a
23 home alarm system in their home in Los Banos, CA.  In 2000
24 Plaintiffs moved to Atwater, CA.  They allege they were compelled

---

[1] The Court is uncertain as to the date of filing of the First Amended Complaint. The unsigned copy filed with the Court upon removal in April 2006 bears a date of February 4, 2006. The unsigned copy provided to the Court by Plaintiffs' attorney as Attachment 1 to his Motion to file a Second Amended Complaint bears a date of February 28, 2006. Neither document bears a filing date by the Merced County Superior Court.

by Protection One to enter into a new two-year contract for their new home in Atwater to avoid penalties for early cancellation of the contract for the Los Banos home. At the time that Plaintiffs entered into a new two-year contract, they allege Protection One informed them that the prior Los Banos contract was cancelled and void, and that no further money was owed on the Los Banos contract. The Atwater contract was completed at the expiration of the two-year period in October, 2002.

Plaintiffs allege that prior to the acts complained of herein, they enjoyed an excellent credit rating. They allege that in June, 2003, they learned for the first time that the defendants were allegedly publishing false information to credit reporting services indicating that plaintiffs failed to make their contractual payments to Protection One for the services to their former home in Los Banos in the amount of $650.[2] This information was republished by credit reporting agencies.

Plaintiffs further allege that Protection One sent the account to defendant Asset Resources Collection Agency for collection. They further allege that in June, 2003, Protection One informed Plaintiffs that their account had been sent to an outside collection agency in error, and that they were in the process of correcting the error. Despite this, Plaintiffs allege that the defendants continued to publish the erroneous and

---

[2] Plaintiffs apparently discovered the existence of this collection action when they submitted two allegedly false home mortgage refinance applications in June, 2003. Plaintiffs lived in a manufactured home on acreage, but on their applications stated they lived in a single family home. Even with excellent credit ratings, the mortgage brokers involved stated that very few investors would give advantageous rates for financing of manufactured homes. See Protection One's Opposition to Motion to Amend, p. 4:5-14, and Exhibits 2, 3 and 4.

4

derogatory consumer credit information about them to March, 2005.

Plaintiffs allege that they were powerless to prevent further injury because only Protection One through its express agent could effect the removal of the erroneous information from the credit reporting agencies.

They contend that as a result of the erroneous and derogatory information, they were unable to obtain a refinancing loan at the favorable interest rates that were available in June 2003 to consumers who enjoyed excellent credit ratings. As a result of the alleged libel they have suffered loss of reputation, shame, mortification, hurt feelings and emotional and financial distress causing pain and suffering and physical and emotional injury.

II. Motion for Order to File Second Amended Complaint

    A.   Legal Standard

Fed. R. Civ. P. 15(a) provides in pertinent part:

> A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, the party may so amend it at any time within 20 days after it is served. Otherwise a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires. . . .

A motion for leave to amend is subject to the Court's discretion, Swanson v. United States Forest Service, 87 F.3d 339, 343 (9th Cir. 1996). Although the rule is to be construed liberally, leave to amend is not automatically granted. Jackson v. Bank of Hawaii, 902 F.2d 1385, 1387 (9th Cir. 1990). In determining whether the Court should exercise its discretion to

allow amendments, the following factors should be considered: (1) whether the movant unduly delayed seeking leave to amend, or acted in bad faith or with dilatory motive; (2) whether the party opposing amendment would be unduly prejudiced by the amendment; 3) whether there have been repeated failures to cure, and (4) whether amendment would be futile. Foman v. Davis, 371 U.S. 178, 182, 83 S.Ct. 227, 230 (1962).

B.  Analysis

Defendants argue that Plaintiffs' motion should be denied as untimely because this case was set for trial in Merced County Superior Court on March 14, 2006, after the state court had allowed Plaintiffs to file their first amended complaint. At that time Plaintiffs stated their readiness for trial and assured the court that all discovery would be completed in accordance with the schedule previously set by the court.

Defendants further argue that Plaintiffs should have filed a motion to modify the federal court scheduling order and be required to show good cause for the seeking to amend the complaint. See Fed.R.Civ.P. 16(b), and Coleman v. Quaker Oats, 232 F.3d 1271, 1294 (9th Cir. 2000). This standard "primarily considers the diligence of the party seeking the amendment." Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992)

After removal to federal court, a scheduling conference was reset from September 1, 2006 to September 13, 2006 by The Honorable Oliver W. Wanger after all parties consented to magistrate judge jurisdiction. At that 9/13/06 conference the court determined that the case was not ready for scheduling. A

6

briefing schedule was set for the parties to submit their motions to dismiss by October 27, 2006, with response dates set out, and a hearing date for said motions was set for December 1, 2006.

The defendants each filed timely motions to dismiss. The Court granted in part and denied in part the Defendants' motions to dismiss which reduced the causes of action to one alleging libel. Defendants then filed their answers to the first amended complaint, and another scheduling conference was set for February 12, 2007. The court ordered the parties to file a joint scheduling conference report one week prior to the hearing. The joint report was filed on February 2, 2007. Plaintiff made no indication in this document that he intended to file a second amended complaint.

On February 4, 2007, without filing a proper motion to amend the complaint, Plaintiffs filed a second amended complaint. This was subsequently withdrawn by Plaintiffs.

On February 12, 2007, the second scheduling conference was held, and again it was found that the case remained unready for scheduling. Again, Plaintiffs' counsel discussed amending the complaint. If they still intended to do so, Plaintiffs were ordered to file a motion to amend by March 1, 2007. Anticipating that Plaintiffs would file such a motion, a hearing date was set for March 30, 2007.

Plaintiffs argue that they should not be held to any schedule set by the Merced Superior Court and contends that no scheduling order has been entered after removal. It is true that no scheduling order pursuant to FRCP 16 has been issued by this

7

Court despite the fact that on two occasions the Court held scheduling conferences to attempt to issue a scheduling order, and each time determined that the case was not yet ready for scheduling.

Under Rule 15(a), while the court is allowed to grant amendment freely when justice so requires, the court need not grant the motion automatically. After reviewing the standards set out for Rule 15, the court, in the exercise of its discretion, can determine that justice does not require the granting of leave to amend. See Foman v. Davis, 371 U.S. 178, 182, 83 S.Ct. 227, 230 (1962).

Plaintiffs here have unduly delayed seeking leave to amend the complaint. The same allegations set out in the proposed second amended complaint could have been alleged in the first amended complaint in state court in late 2005 or early 2006 as the relationships and events Plaintiffs seek to include were known or should have been known no later than March 2005. Plaintiffs argue that Protection One's failure to provide satisfactory responses to his request for admissions propounded on December 20, 2005 and responded to on December 31, 2005, caused this delay. See Plaintiffs' reply to opposition, pgs. 4-5, lines 15-24; 1-16. (Doc. 40)[3] However, in the period from December 30, 2005, to date, Plaintiffs have not filed a motion to compel answers or sought to depose the parties involved. The Court finds that Plaintiffs have shown no valid cause for

---

[3] Protection One filed an objection to evidence and request to strike, arguing use of the requests for admissions as an exhibit is inadmissible hearsay, irrelevant, argumentative and conclusionary. Objections denied. Evidence considered as foundational only.

8

failing to include the allegations in the first amended complaint and that Plaintiffs unduly delayed seeking to again amend the complaint.

The Court also finds that defendants have been prejudiced by the undue delay. The case was originally filed on August 19, 2003 in Merced Superior Court. During the next nearly three years, there was little or no activity by Plaintiff in prosecuting the case. Protection One, the only defendant in the matter, conducted discovery and took depositions between October 2004, and July of 2005. On November 28, 2005, Protection One filed a motion for summary judgment in state court. The matter was never heard as Plaintiffs moved to file their first amended complaint. As stated before, at that time Plaintiffs declared readiness in state court for trial scheduled for March 14, 2006. Protection One had already expended considerable effort and expense in defending the original complaint and expected the matter to go to trial in March, 2005. The first amended complaint added Asset Resources which defendant subsequently removed the matter to this court. Since the April 5, 2006, removal of the parties have been proceeding on the first amended complaint. While it is true Plaintiffs' counsel has been discussing informally with the Court and defense counsel his desire to file another amended complaint, those discussions have focused on a desire and/or perceived need to have Equifax as a party in this case. In fact, Plaintiffs' counsel has challenged and at times seemingly begged defense counsel to cross-claim against or implead Equifax if they think Equifax is necessary in this lawsuit. At no time was there a discussion, informal or

9

otherwise, about adding explanatory language to the complaint regarding Attorney Shapiro's agency status with Protection One or that Protection One is vicariously liable for actions of its legal counsel, etc., as set forth in the proposed second amended complaint.  In fact, what is perplexing to the point of alarming to the Court is Attorney Pekin's own statement in his declaration filed in December, 2005 in conjunction with Plaintiffs' motion to file their first amended complaint in state court: "19.  Declarant does not complain of any impropriety on the part of opposing counsel nor ASSET RESOURCES or its counsel.  Each is acting within their rights in defending their clients' interests."  See Exhibit 1 attached to Protection One's opposition to Plaintiffs' motion for order to file second amended complaint, page 10-11, lines 23-24; 1-2.

The Court finds that the delay of Plaintiffs and their failure to diligently prosecute the case has unduly and repeatedly prejudiced the defendants.  In addition, Plaintiffs now attempt to assert that defense counsel for Protection One, attorney David Shapiro, has wronged them from July 2004 through March 2005 through publication of the derogatory credit information.  They allege that Mr. Shapiro is an agent of Protection One and as such knew of the libel when he was retained to represent Protection One and had a duty to stop the continuous libel of Protection One, and that this continued until March 2005.

Plaintiffs cite no legal authority for this position.  They merely allege that Shapiro became an agent of Protection One by virtue of representing Protection One in this action, and that

he was aware of the libelous credit information upon service of the original complaint and took no action to stop the continuous libel of Plaintiffs by Defendants. Plaintiffs state that they will not make a motion to disqualify Attorney Shapiro nor his firm, but because Mr. Shapiro is an agent of Protection One, they cannot be prevented "from fully exploring Shapiro's knowledge the Libel was continuing, his contacts with other [Protection One] personnel to try to stop it, and all [Protection One] conduct he has knowledge by any means regarding the continuing Libel of Plaintiffs." Plaintiffs motion, p.6:16-23. Plaintiffs further contend that "Attorney Shapiro's conduct is fully discoverable . . . without restriction of attorney/client or work product privileges." Id., p.7:15-17.

Plaintiffs rely upon Chicago Title Ins. Co. v. Superior Court, 174 Cal.App.3d 1142 (1985) and Wellpoint Health Networks, Inc. v. Superior Court, 59 Cal.App.4th 110 (1997) to support his argument. Reliance on those cases is incorrect. In Chicago Title Ins. Co. v. Superior Court, id. at 1154, the attorney there acted as business agent as well as an attorney, and his activities were so intertwined as to become indistinguishable and the court held that the attorney-client privilege was deemed impliedly waived. In Wellpoint Health Networks, Inc. v. Superior Court, id. the court discusses both the attorney client privilege and discoverability of attorney work product. The court carefully explained that only when an attorney acts in a non-attorney capacity can the privilege be waived. Nothing in either case supports Plaintiffs' contention that when Mr. Shapiro began representing Protection One in this action he

necessarily became an agent of Protection One. There is no evidence that Mr. Shapiro was an in-house lawyer, was a hired business agent or ever performed in any non-attorney capacity.

To conclude, Plaintiffs failed to timely seek to amend the complaint when they were fully aware over two years ago of the allegations they now seek to add. Further, the Court finds that the amendment of the complaint to include the allegations with regard to Mr. Shapiro as discussed above are without legal basis and are meritless. Thus, allowing Plaintiffs to amend the complaint to include these allegations would be futile.

### III. Disposition

For all of the foregoing reasons, the Court, in the exercise of its discretion, DENIES Plaintiffs' motion for leave to file a second amended complaint.

Protection One requests that "in the event that the Court elects to grant leave, this Court should only grant the Motion if and only if Plaintiffs reimburse the Protection One no less than three thousand, two hundred and fifty dollars ($3,250.00)." This Defendant goes on to opine that this is the amount they will most likely incur in preparing for and attending another motion to dismiss. Since the Court did not grant Plaintiffs' motion, no order of attorneys' fees and costs is made with regard to this motion.

IT IS SO ORDERED this 12th day of April, 2007.

_____
SANDRA M. SNYDER
United States Magistrate Judge

//